**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH DAKOTA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| Darren Youngman, a/k/a, | ) | |
| Tote Youngman | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:11-cv-03009 |
| | ) | |
| United States of America, | ) | **ORDER DISMISSING PETITION** |
| | ) | |
| Respondent. | ) | |

_____

Before the Court is Darren Youngman's petition for habeas relief filed pursuant to 28 U.S.C. § 2241.  He also claims he is entitled to relief under Rule 60(b)(4).  For the reasons explained below, the petition is dismissed.

I.      **BACKGROUND**

In 2006, Youngman was convicted of two counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a) & 1153, and five counts of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) & 1153.  He was sentenced to 280 months imprisonment.  A direct appeal was taken and the convictions were affirmed.  United States v. Youngman, 481 F.3d 1015 (8th Cir. 2007).  In 2008, Youngman filed a timely motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  The motion was denied on December 10, 2008.  Youngman filed a notice of appeal but the Eighth Circuit denied him a certificate of appealability on September 23, 2009.

Youngman is serving his sentence at the United States Penitentiary in Pollock, Louisiana.  He initiated the above-entitled action on May 23, 2011, by lodging a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  He states in his petition that the judgment and conviction entered against

1

him by the court must be dismissed because the court lacked jurisdiction.  He also states that relief is proper under Rule 60(b)(4) because the judgment is void.

The gist of his claim is as that in 1948 P.L. 80-772 was not legally enacted because identical bills were not passed in both House of Representatives and Senate.  Youngman also claims that the House did not have a quorum when H.R. 3190 was voted on.  Youngman argues the defective passage of H.R. 3190 resulted in the non-existence of 18 U.S.C. § 3231, which gives federal courts exclusive jurisdiction over all federal offenses.  Youngman claims the non-existence of 18 U.S.C. § 3231 means that federal courts do not possess general criminal jurisdiction over any federal criminal statute.

## II.    DISCUSSION

A judge considering an application for a writ of habeas corpus must either award the writ or issue an order directing the respondent to respond to the application unless it appears from the application that the petitioner is not entitled to the writ.  28 U.S.C. § 2243.  In this case, it plainly appears from the application that the writ should not be issued.

Generally, claims challenging the execution or manner in which a sentence is served must be made by petition pursuant to 28 U.S.C. § 2241 while claims asserted by a federal prisoner challenging the legality of his sentence must be made by motion under 28 U.S.C. § 2255.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-47 (2004).  A § 2241 petition must be filed in the district where the prisoner is confined while a § 2255 motion should be filed in the district that imposed the sentence.  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).  Youngman was sentenced by this court but is confined in Louisiana.

Youngman argues in his petition that the court lacked jurisdiction and the judgment is void.  This is an attack on the validity of the sentence itself.  Youngman makes no argument as to the execution of his

sentence.  As Youngman's argument is a challenge to the legality of his sentence it should have been made under § 2255 rather than § 2241.  Youngman has chosen the wrong procedural vehicle for his argument.  As Youngman is not incarcerated in this district, this Court does not have jurisdiction over his § 2241 petition.  Hutchings, 835 F.2d at 187.  This lack of jurisdiction warrants dismissal.  Even were the Court to construe his petition as a § 2255 motion, dismissal would still be warranted as Youngman has previously filed a § 2255 motion.  He may not file a second § 2255 motion unless he obtains from the Eight Circuit Court of Appeals an order authorizing this court to consider a second or successive § 2255 motion.  See 28 U.S.C. §§ 2244(3)(A) and 2255(h).  There is no evidence Youngman has obtained such permission.

If Youngman has claims concerning the execution of his sentence that are actionable under § 2241, he may submit such a petition to the United States District Court in Louisiana with jurisdiction over the prison where he is currently housed.  If Youngman wishes to pursue his current argument in this Court under § 2255 he must first obtain permission from the Eight Circuit Court of Appeals.

Youngman also argues, in the alternative, that he is entitled to relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure.  He is mistaken.  Inmates may not bypass the authorization requirements of § 2255 by invoking some other procedure. United States v. Williams, 170 Fed. Appx. 989 (8th Cir. 2006).  A Rule 60(b) motion cannot be used as a second chance to reargue substantive arguments rejected in a prior § 2255 motion or raise new arguments which the motion did not address.  Cf. Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (addressing the applicability of Rule 60(b) to habeas petitions under 28 U.S.C. § 2254).  Youngman raises an entirely new issue here and so the court would treat his filing as a second § 2255 motion filed without authorization.  See United States v. Washington, 211 F. App'x 550 (8th Cir. 2007).

Even were the Court to reach the merits of Youngman's argument, the argument would fail. Wolford v. United States, 362 F. App'x 231, 232 (3rd Cir. 2010) (finding the 1948 amendment to 18

3

U.S.C. § 3231 was properly enacted); <u>United States v. Farmer</u>, 583 F.3d 131, 151-52 (2nd Cir. 2009) (applying "enrolled bill rule" to preclude challenge to the propriety of 1948 amendment to 18 U.S.C. § 3231); <u>United States v. Risquet</u>, 426 F. Supp. 2d 310, 311-12 (E.D. Pa. 2006) (finding 1948 amendment to 18 U.S.C. § 3231 valid).

## III.   CONCLUSION

Because the Court does not have jurisdiction over a § 2241 petition and Youngman has not obtained permission to file a second § 2255 motion, it is **HEREBY ORDERED** that:

1.   Youngman's petition is **DISMISSED** without prejudice.

2.   The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

3.   Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.

4.   If the Defendant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Court of Appeals for the Eighth Circuit in accordance with <u>Tiedeman v. Benson</u>, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 10th day of June, 2011.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court
